BERTHA McKAY PEASE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 51546, 52017. Filed June 29, 1956.

*David E. Golay, Esq.*, for the petitioner.
*George E. Constable, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The Commissioner determined deficiencies in income tax of $216.90 for 1949 and $211 for 1950. The only issue for decision in each case is whether the Commissioner erred by including alimony payments in the petitioner's income under section 22 (k). The facts have been submitted by a stipulation which is adopted as the findings of fact.

The petitioner filed her income tax returns for 1949 and 1950 with the collector of internal revenue at Los Angeles, California. She and Francis M. Pease were married in California in July 1921 and they lived together as husband and wife until August 1940. Two children were born of the marriage.

The petitioner and Francis decided to separate permanently in the summer of 1940 because of marital differences and difficulties. They executed a written document or separation agreement dated August 9, 1940. That agreement has since been in effect without change. The petitioner has continued to live in California and has not remarried.

Francis left California and moved to Nevada where he has since resided. He filed a suit for divorce in 1946 in Nevada where he then resided. His attorney notified the petitioner of the filing of the action, but she refused to appear in the action. Her default was then entered in the action and Francis obtained a divorce from the petitioner on March 13, 1946, through the Nevada court. The decree of divorce made no reference to the agreement between the petitioner and Francis, dated August 9, 1940, to any property settlement, or to the subject of alimony. The petitioner has never sought a divorce or separate maintenance.

The agreement dated August 9, 1940, recites the fact of their marriage, the birth of the children, the separation, and the following: "In view of their intention to live separate and apart for the rest of their natural lives, they are desirous of settling their property rights and agreeing on terms for the maintenance and support of the Wife and for the custody and support of the Children." It provided that they could live apart, the property that each should have was separate property, the wife should have sole custody of the children and she should support herself and the children consistent with the payments made by the husband under the agreement, in consideration of which the husband was to make specified payments for her support and maintenance and for the support, maintenance, and education of the children. The provision in regard to payments which is material

hereto is that he shall pay her ";The sum of $250.00 per month from and after January 1, 1941, and continuing during the life of the Wife, or until her remarriage, payable in two equal installments on the 1st and 15th days of each month." The husband's obligations are not to survive his death. The agreement contained the following paragraph:

18. In the event that either of the parties hereto institutes an action for separation or divorce from the other, the provisions of this agreement shall constitute a stipulation in such action in so far as any provisions for the support and maintenance of the Wife, and for the custody, support, maintenance, and education of the Children are concerned; and each party may request the court to recognize this agreement as a bar to any other or further provision.

The petitioner received total payments from Francis under the above agreement of $1,100 in 1949 and $1,200 in 1950.

The petitioner contends that the agreement was not incident to the divorce obtained 6 years later, without her appearance, in another State, which decree did not mention the agreement.

The agreement dated August 9, 1940, was incident to the divorce obtained by Francis in August 1946 within the meaning of section 22 (k). *Raoul Walsh*, 21 T. C. 1063; *Maurice Fixler*, 25 T. C. 1313. Those cases and others cited therein hold unimportant the fact, as here, that the prior agreement was not mentioned in the decree of divorce. The parties to the present agreement provided that it would be effective in the case of divorce. The wife apparently relied upon the agreement in ignoring the divorce action and thereafter accepted the payments in accordance with the terms of that agreement. These and the other circumstances of this case are sufficient to bring it within the prior decisions despite the elapse of time between the agreement and the divorce.

*Decisions will be entered for the respondent.*